Green, J.,
delivered the opinion of the court.
This is a scire facias against prosecution bail. The scire facias sets out the writ sued out by John Todd against Miller the plaintiff, — the prosecution bond entered into by the said Todd, and by Netherland and John A. McKinney, as securities for the prosecution of the suit in the penalty of two hundred and fifty dollars, — the proceedings in the cause, — the final judgment against Todd for the costs, — the taxation of costs amounting to the sum of $283 17, — the execution against Todd for that sum, and return of no property found, — and concludes by commanding the sheriff to make known to the defendants the tenor of the writ, and to summon them to appear and show cause why said Miller shall not have judgment and execution against them for the amount of the bond aforesaid.
The record set out in the scire facias shows, that after judgment a rule was granted, on motion of the plaintiff, to show cause why the attendance of some of the witnesses in the cause, should not be taxed against him in the bill of costs. The record does not show that this rule was disposed of, or that any action was taken on it.
To this scire facias the defendants demurred, and the court sustained the demurrer, and the plaintiff appealed to this court.
This judgment, it is argued, is maintained on two grounds:
1. It is insisted that as the recovery for costs is greater than the penalty of the bond, no recovery can be had by scire facias against the sureties.
We perceive no reason for the principle contended for. It is true the scire facias depends on the record, and must recite *68 it truly; but it does not follow, that no less sum can be recovered by scire facias than the sum adjudged in the record. The parties are liable on their bond for the amount of the penalty only, and the judgment for costs, although greater than the penalty of the bond, still is a judgment for that sum. The scire facias describes the judgment truly, but it only seeks execution against the defendants for the amount for which they have undertaken to be liable.
The same objection that is taken to this scire facias, might be as well taken, if a common law action were prosecuted. In either form of proceeding, the plaintiff must describe the record truly; but he would seek and obtain a judgment for the liability only, which was created by the bond.
2. It is insisted, that as the recitals of the scire facias show, that a rule had been made, to show cause why a portion of the witnesses should not be taxed against the plaintiff, and no disposition had been made of that rule, the execution was improperly issued, and for this reason, also, the scire facias is demurable. We do not think so.
The rule to correct the taxation of costs, did not operate, per se, as a supersedeas. It is amere collateral motion, and as it was not acted on, it is to be taken that it was abandoned.
Let the judgment be reversed, and judgment for the plaintiff on the scire facias.